# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CHARLES WEEDMAN**                                                                   **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 4:19-CV-2-JHM**

**STEVE STEFF**                                                                  **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Charles Weedman's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

### I.

Plaintiff[1] initiated this action by filing his complaint on a form for filing an employment discrimination claim. He names Steve Steff, plumber and landlord, as Defendant.

As his statement of the claim, Plaintiff alleges:

> On or about October 15th 2018 our Land Loard had our water turned <u>off</u> to try and force me and my wife out of the House we rent. Steve St[e]ff is the Land Loard that did this. Our Neighbor that works for Steve told me and my wife the reason He [] did this was I had a accident with a dog. and as of 1-4-2019 we still have no water. This has caused me an my wife hardship. We have had probls tacking baths doing laundry and cooking – dishe's – and keeping a clean house and is still going on as of 1-4-2019.

---

[1] In the caption of the complaint form, Plaintiff also lists his wife Laura Weedman as a Plaintiff. He does not, however, list her in the parties' section of the complaint form, and his wife signed neither the complaint nor the application to proceed without prepayment of fees. Moreover, Plaintiff is not allowed to bring this action on his wife's behalf. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (emphasis added)); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]hat statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."). The Court, therefore, does not consider Laura Weedman to be a party to this action.

Elsewhere in the complaint form, Plaintiff makes the following additional allegations:

> Steve Steff Land Lord had our water turned off and told our Neighbor that works and rents also from Steve Steff that the reason he did this was I accidentally drag a dog with my truck. I forgot the dog was tied to it becoase the dog was not mine an I was not use to the dog being at my house it was not our dog. an I do have a brain injry and forget a lot. Our Land Lord had our water turned <u>off</u> even thow the Bill was payed in full. in our name and had nothing to do with Steve our Land Lord we payed the bill and the deposit also. City Hall aloud Steve to have our water turned off for <u>No</u> <u>reason</u>. when <u>No</u> bill was owed . . . City Hall will not talk to me or my wife they hang up when we call them an ask why our water was turned off. I am also filing on them also over this . . . . I am sending a copy of the deposit to show check stud to show were our deposit was mailed to us for <u>No</u> <u>reason</u>! from the City.

Additionally, on the employment-discrimination complaint form, as discriminatory conduct, Plaintiff checkmarks the box for "Failure to accommodate my disability," and as the basis of discrimination, he checkmarks the box for "disability or perceived disability" and specifies, "I am Disable an my wife also. . . . I had a bike wreck 12 years [] ago that gave me a Brain injury is why I am disable."

As relief, Plaintiff asks that "Steve Steff have our water turned on. And that Steve can't evict us. And pay me and my wife a thousand a month a pice for the hardship this is causeing us. And that we should not have to pay rent as long as this is going on."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint and amended complaint under 28 U.S.C. § 1915(e). Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes[.]" *Douglas*, 150 F.3d at 607 (citing 28 U.S.C. §§ 1331, 1332).

### A. Diversity Jurisdiction

The diversity-jurisdiction statute, in pertinent part, provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." *See* 28 U.S.C. § 1332(a). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Here, Plaintiff does not allege that he and Defendant are diverse in citizenship but, instead, indicates that they are both located in Kentucky. Accordingly, to the extent Plaintiff is

4

seeking to bring any state-law claims in this federal Court, he fails to meet his burden of invoking this Court's diversity jurisdiction.

## B. Federal-Question Jurisdiction

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not specify any cause of action arising under the Constitution, laws, or treaties of the United States and fails to invoke this Court's federal-question jurisdiction.

In liberally construing the complaint, however, to the extent Plaintiff may be trying to assert some form of federal discrimination claim, the Court concludes that he fails to state a claim. Although Plaintiff filled out an employment-discrimination complaint form, here, clearly no employer-employee relationship exists. Further, any housing discrimination claim fails because Plaintiff does not state facts suggesting that Defendant Steff turned the water off based on his disability. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 555, 557). Rather, Plaintiff indicates that Defendant had the water turned off because Plaintiff "accidentally drag a dog with my truck."[2]

---

[2] While not named as a Defendant, in the body of the complaint, Plaintiff alleges, "City Hall will not talk to me or my wife they hang up when we call them an ask why our water was turned off. I am also filing on them also over this." Plaintiff fails to assert any constitutional claim against City Hall, and in any event, he fails to allege a policy or custom on the part of City Hall that caused him injury. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

**III.**

For these reasons, the Court will dismiss the action by separate Order for lack of subject-matter jurisdiction and for failure to state a federal claim upon which relief may be granted.

Date: July 2, 2019

*[Signature]*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4414.005